Vincent DeSCIOSE, Jr., dba Aero Realty Co. Plaintiff—Appellant,

v.

Joseph M. DELBALZO, Administrator of the Federal Aviation Administration; Odnum Two USA Inc. Defendants—Appellees.

No. 99–56800.
D.C. No. CV–93–01909–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 2, 2000.

Decided Jan. 5, 2001.

Before O'SCANNLAIN, FERNANDEZ, RAWLINSON, Circuit Judges.

MEMORANDUM *

Vincent DeSciose, d/b/a Aero Realty Co., ("Aero") appeals the district court's summary judgment, on remand, for the Federal Aviation Administration ("FAA") and denial of injunctive relief for Aero. The issue before us is whether the district court erred in granting summary judgment to the FAA by concluding that the FAA's decision to award a long-term lease to Odnum Two USA, Inc. ("Odnum Two") was not void ab initio. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

■ The threshold issue is whether Aero has standing to challenge the contract award to Odnum Two. This court has stated that to challenge a federal contract award Article III requires that "a disappointed bidder must 'demonstrate that if its bid had been fairly and honestly considered, there was a substantial chance that [it] would receive an award.'" *Look v. United States*, 113 F.3d 1129, 1132 (9th Cir.1997) (quoting *Energy Transportation Group v. Maritime Administration*, 956 F.2d 1206, 1211 (D.C.Cir.1992) (internal quotations omitted)). A minimum requirement for standing in this context is for the party challenging the award to have had a

valid offer before the FAA at the time of the award. Otherwise, the party would not have had a "substantial chance" to receive the award.

Federal Acquisition Regulation ("FAR") § 15.208(b) provides: "Proposals, and modifications to them, that are received in the designated Government office after the exact time specified are late and shall be considered only in [certain circumstances]." 48 C.F.R. § 15.412, renumbered to 48 C.F.R. § 15.208. In a prior appeal in this case, *DeSciose v. Delbalzo (DeSciose I)*, 162 F.3d 1168 (9th Cir.1998) (unpublished disposition), a panel of this court rejected the FAA's argument that, notwithstanding FAR § 15.208, General Services Administration Regulation ("GSAR") § 552.270–3(a) allows the FAA to consider any offer received before the best and final offer deadline. GSAR § 552.270–3(a), as in force in 1991, provides that "any offer received at the office designated in the solicitation after the exact time specified for receipt of best and final offers will not be considered." The court held that there was no conflict between GSAR § 552.270–3(a) and FAR § 15.208, and noted that to the extent there was a conflict, FAR § 15.208 controls. *See DeSciose I*, 162 F.3d 1168.

■ Under the law of the case, a proposal or modification that is late cannot be considered except under certain circumstances. Because Aero filed Revised Amendment No. 2 to the Solicitation for Offers late, its offer could only be considered if the circumstances of the offer met the requirements of FAR § 52.215–1(c)(3)(i). The record does not indicate that any of the exceptions apply. Aero, thus, did not have a valid offer before the FAA at the time of its award to Odnum

---

Two. Without a valid offer before the FAA, there was no chance of Aero's receiving the contract award had it not been made to Odnum Two. Therefore, Aero does not have standing to challenge the award to Odnum Two.

VACATED and REMANDED to the district court with instructions to dismiss for lack of jurisdiction.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.